1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8                         AT SEATTLE
9

10  UNITED STATES OF AMERICA,         )
                                      )
11          Plaintiff,                )    CASE NO.   05-228 M
                                      )
12      v.                            )
                                      )
13                                    )    DETENTION ORDER
    WAYLENCE TANG,                    )
14                                    )
            Defendant.                )
15  _____    )

16  Offenses charged:

17      Count 1:    Unlawful Importation of Ecstasy, in violation of Title 21, U.S.C., Sections
18                  952(a), 960(a)(1) and 960(b)(3);
19      Count 2:    Unlawful Importation of Cocaine, in violation of Title 21, U.S.C., Sections
20                  952(a), 960(a)(1) and 960(b)(3);
21      Count 3:    Unlawful Possession of Ephedrine, in violation of Title 21, U.S.C., Section
22                  841(c); and
23      Count 4:    Illegally Transporting Currency, in violation of Title 31, U.S.C., Sections
24                  5316(a)(1)(B) and 5322(a).

25  Date of Detention Hearing: May 12, 2005.

26      The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C.

DETENTION ORDER
PAGE -1-

§ 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions, which the defendant can meet, will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Karyn Johnson. The defendant was represented by Nancy Tenney.

The Government argued for detention on the grounds of flight risk. The defendant has many contacts overseas, including his wife and family. Moreover, the Government asserted that the defendant has a significant cocaine problem and spotty employment history. Curiously, very few assets were confirmed by the defendant's wife, yet the defendant had seventeen thousand dollars U.S. currency on his person at the time of his arrest. The Government maintained that the monetary value of the drugs involved in the instant offense is substantial.

Finally, the Government reported that a previous investigation revealed the use of fraudulent credit cards by the defendant, as supported by a video confirming the defendant's identity. The defendant was not prosecuted, but there was a concern of multiple identities which may be used to facilitate flight.

The defense argued for the defendant's release, emphasizing that he has a minor criminal history involving a petty theft conviction and did not pose a flight risk. Having complied with conditions set forth by a court in the past, the defense suggests the defendant would be able to comply in this instance.

The defense maintains that the defendant has family ties in the United States, and that his family members in California are very supportive. Disputing any risk of flight, the defense stated that the defendant's wife resides in China and wishes to come to the United States to begin a life here with her husband.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offense.

The maximum penalty is in excess of ten years. There is therefore a rebuttable

presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons:

   (a) The Court finds troublesome the unexplained wealth of the defendant. Large quantities of cash were located on the defendant at the time of his arrest, and approximately fifty-five thousand dollars had been deposited into the defendant's personal account in 2004, yet the employment of the defendant does not support such assets. Moreover, this suggests that the defendant may have access to substantial assets, which may be used to facilitate flight.

   (b) The defendant's admitted use of cocaine, in combination with the large quantities of drugs involved in the instant offenses, also support the risk of flight as well as a danger to the community. Lastly, the defendant has no ties to the Western District of Washington.

(3) Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation

1   with counsel;

2   (3)   On order of a court of the United States or on request of an attorney for the
3        Government, the person in charge of the corrections facility in which the
4        defendant is confined shall deliver the defendant to a United States Marshal for
5        the purpose of an appearance in connection with a court proceeding; and
6   (4)   The clerk shall direct copies of this order to counsel for the United States, to
7        counsel for the defendant, to the United States Marshal, and to the United
8        States Pretrial Services Officer.

9   DATED this 17th day of May, 2005.

*[signature]*

MONICA J. BENTON
United States Magistrate Judge